UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 07-11450-DHW
                                                         Chapter 13
HASSON TURNER

    Debtor.

HASSON TURNER,

    Plaintiff,

v.                                                       Adv. Proc. No. 07-1139-DHW

UNIVERSAL DEBT SOLUTIONS, INC.,

    Defendant.

REPORT AND RECOMMENDATION OF UNITED STATES
BANKRUPTCY JUDGE DWIGHT H. WILLIAMS, JR.

Debtor Hasson Turner ("debtor") filed a complaint against Universal Debt Solutions, Inc., for damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The alleged violations are predicated on two collection letters sent by the defendant prepetition.

The debtor filed a motion for summary judgment, and the defendant filed a cross motion for summary judgment. Upon consideration of the motions at the hearing and the briefs and arguments of counsel, the court makes the following proposed findings of fact and conclusions of law.

The bankruptcy court does not have jurisdiction to enter a final order or judgment on the debtor's claim because it is not a core proceeding but

merely "related to" the chapter 13 case.[1]  28 U.S.C. § 157(c)(1).

Proposed Findings of Fact

The parties do not dispute the following facts.  The defendant mailed two collection notices, identical in material respects, to the debtor on or about August 30, 2007, seeking to collect an alleged consumer debt.  The top left of each letter contained an ID Number, a Reference Number, and the following notation:

> Original Creditor: 531.37
> Balance: $531.37

The numbers and amounts differed in each letter, but the format was the same.  The body of each letter contained the following language:

> If we do not receive payment or you do not notify us in writing, that you dispute this debt within thirty (30) days from the date of this letter, we will proceed with recovery of the debt based on the laws allowed in your state.

The two letters are the only communication sent by the defendant to the debtor.  The defendant's principal purpose is to collect debts using the mail and telephone.  The defendant regularly attempts to collect debts alleged to be due another and is a debt collector as defined by the FDCPA.[2]

---

[1] 28 U.S.C. §§ 157(b)(3) and 1334(b).  An action is related to the chapter 13 bankruptcy case if "'the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy.'" *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)* 910 F.2d 784, 788 (11th Cir.1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984).

[2] With limited exceptions, a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or

2

The debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on October 17, 2007.

Summary Judgment Standard

The debtor filed a motion for summary judgment contending that the letters violate 15 U.S.C. § 1692g in several respects. The debtor amended the motion with leave of the defendant to allege that the letters also violate section 15 U.S.C. § 1692e.

The standard for summary judgment established by Fed. R. Civ. P. 56 is made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056. The rule provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. Proc. 56(c).

Summary judgment is appropriate when "there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transp.,* 229 F.3d 1012, 1023 (11th Cir. 2000). The party moving for summary judgment "bears the burden of proving that no genuine issue of material fact exists." *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). Once met, the burden shifts to the non-movant to "show a genuine dispute regarding any issue for which it will bear the burden of proof at trial." *Id.* at 1224-25.

---

asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Proposed Conclusions of Law

Section 1692g(a) states as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). In addition, section 1692g(b) requires the debt collector to cease collection of the debt upon written notice from the consumer within the thirty-day period that the debt is disputed.

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

4

## Section 1692g(a)(2) – Name of Creditors?

First, the debtor contends that the letters violate § 1692g(a)(2) by failing to state the name of the creditors to whom the debts are owed.

The defendant responds that it is not required to disclose the name of the original creditor except on written request and that the letters properly identify the defendant as the creditor. The letters were on the defendant's corporate letterhead and state that the accounts have been "transferred to our office for final action." The signature line states the defendant's name, and the payment slip is deliverable to the defendant.

However, there is no evidence in the record that the defendant is the assignee of the debts. If the defendant is not the assignee, the letters do not identify the creditors to whom the debts are owed. The issue of assignment is a genuine issue of material fact. Therefore, this court recommends that summary judgment be denied as to this count.

## Section 1692g(a)(3) – Written Notice Required?

Second, the debtor contends that the letters violate § 1692g(a)(3) by requiring written notice that a debt is disputed. The statute does not limit the method of notice and would permit oral notice of dispute. The creditor responds that requiring written notice of dispute does not violate the statute.

The issue has been examined and well-addressed by two circuit courts reaching opposite conclusions. *See Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991) (requiring written notice of dispute does not violate the statute) and *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078 (9th Cir. 2005) (requiring written notice of dispute violates the statute).

The rub stems from the inclusion of a requirement for written notice from the consumer in other pertinent subdivisions of § 1692g. For example, written notice is required to obtain verification of the debt under

§ 1692g(a)(4) and the name of the original creditor under § 1692g(a)(5). In addition, under § 1692g(b), written notice of dispute forces a debt collector to cease collection until meeting other requirements of the section.

*Graziano* held that, although the plain language of § 1692g(a)(3) does not require written notice of dispute, the plain language produces an absurd result. The court reasoned as follows:

> Adopting [the plaintiff's] reading of the statute would thus create a situation in which, upon the debtor's non-written dispute, the debt collector would be without any statutory ground for assuming that the debt was valid, but nevertheless would not be required to verify the debt or to advise the debtor of the identity of the original creditor and would be permitted to continue debt collection efforts. We see no reason to attribute to Congress an intent to create so incoherent a system.

*Graziano*, 950 F.2d at 112. The court further noted "that there are strong reasons to prefer that a dispute of a debt collection be in writing: a writing creates a lasting record of the fact that the debt has been disputed, and thus avoids a source of potential conflicts." *Id.*

The *Camacho* court reached a different result, concluding that the plain language of the statute does not produce an absurd result because an oral notice of dispute triggers protections in other sections of the FDCPA:

> Oral dispute of a debt precludes the debt collector from communicating the debtor's credit information to others without including the fact that the debt is in dispute. 15 U.S.C. § 1692e(8). Additionally, if a consumer owes multiple debts and makes a payment, the debt collector is prohibited from applying such payment to a debt which is in dispute. 15 U.S.C. § 1692h.

6

Case 07-01139   Doc 38   Filed 09/05/08   Entered 09/05/08 15:48:41   Desc Main
Document   Page 6 of 10

*Camacho*, 430 F.3d at 1082 (case citations omitted). While acknowledging that "policy considerations weigh in favor of" the *Graziano* decision, the court concluded that "we can only insert language into a statute if the result of the statute's plain meaning is absurd." *Id.* The court also noted that

> [a] statute need not contain parallel language in all of its subsections in order to be internally consistent. Rather, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." If Congress had intended to impose a writing requirement in § 1692g(a)(3), it could have done so in the subsection itself, as it did in the later subsections of § 1692g(a).

*Id.* at 1081 (citations omitted).

The court finds the reasoning of *Camacho* persuasive. A district court in the Eleventh Circuit has sided with *Camacho*. *See Baez v. Wagner & Hunt, P.A.*, 442 F. Supp. 2d 1273 (S.D. Fla. 2006). Other district courts have held similarly. *See Sanchez v. Robert E. Weiss, Inc. (In re Sanchez)*, 173 F. Supp. 2d 1029 (N.D. Cal. 2001); *Ong v. Am. Collections Enter.*, 1999 U.S. Dist. LEXIS 409 (E.D.N.Y. 1999); *Young v. McDowell Serv., Inc.*, 1991 U.S. Dist. LEXIS 21814 (N.D. Ga. 1991) (decided before *Camacho*).

The letters sent by the defendant do not contain the statement required by § 1692g(a)(3) that, "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." The letters merely state that the debt collector "will proceed with recovery of the debt" absent written notice of dispute from the debtor. Section 1692g(a)(3) does not require written notice of dispute. Therefore, this court recommends summary judgment for the debtor on this count.

## 1692g(a)(3) – Date of Letter vs. Date of Receipt

Third, the debtor contends that the letters violate § 1692g(a)(3) by requiring notice of dispute "within thirty (30) days from the date of this letter." The statute requires notice of dispute "within thirty days after *receipt*" of the collection notice. 15 U.S.C. § 1692g(a)(3) (emphasis added).

The debtor argues that this disparity effectively shortens the statutory period for providing notice of dispute. The debtors cite to *Rivera v. Amalgamated Debt Collection Serv., Inc.*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006) and *Cavallaro v. Law Office of Shapiro & Kreisman*, 933 F. Supp. 1148 (E.D.N.Y. 1996) which hold that such misstatements violate the statute because they lead debtors to believe that they have less than thirty days to respond. The *Cavallaro* court declined to treat the violation as "de minimis," noting that Congress intended to protect "against abusive tactics of debt collectors, such as the backdating of notices or other practices that might shorten debtors [sic] time to respond." *Cavallaro*, 933 F. Supp. at 1154.

The creditor relies on *Reed v. Bailey*, 1988 U.S. Dist. LEXIS 19456 (N.D. Ala. 1988) in which the court stated:

> The violations asserted by plaintiffs are either not supported by the evidence or else are examples of technical noncompliance which, under the unaggravated circumstances presented here, this court does not feel the FDCPA was intended to address.

*Reed*, 1988 U.S. Dist. LEXIS 19456, *4-5. In that case, the debt collector had, *inter alia*, failed to notify the consumer that he could dispute any portion of the debt as well as the debt as a whole. However, the notice in that case properly advised the debtor that he had 30 days from the date of receipt of the letter to respond. Therefore, *Reed* involved a different violation from the one at issue in this case.

This court finds the rationale of the *Rivera* and *Cavallaro* courts persuasive and declines to regard the instant violation as merely technical or *de minimis*. The plain language of § 1692g(a)(3) requires the defendant to notify the debtor that the validity of the debt must be disputed "within thirty days after receipt of the notice." Although the plain language could produce issues of proof regarding the date of receipt, the plain language does not produce absurd results. Accordingly, this court recommends that summary judgment enter in favor of the debtor on this count.

### 1692e – False, Deceptive, or Misleading?

Fourth, the debtor contends that the two letters are "false, deceptive, or misleading" and therefore violate § 1692e. The letters are allegedly false, deceptive or misleading because they require notice of dispute in writing within 30 days of the date of the letters. However, the court has already addressed these issues and found violations of the statute, rendering these contentions superfluous and moot.

### Additional Contentions

Finally, the debtor contends that other parts of the letters not addressed above also violate the FDCPA. However, these violations were not alleged in the complaint and are not appropriate for consideration on summary judgment.

### Conclusion

For the reasons stated above, the court recommends that summary judgment enter in favor of the debtor under 15 U.S.C. § 1692g(a)(3) because the letters violate the statute by requiring a consumer to dispute the debts in writing and within thirty days from the date of the letters. The court recommends denial of summary judgment on the count under 15 U.S.C. § 1692g(a)(2) due to a genuine issue of material fact (assignment of the debt). The court recommends summary judgment in favor of the defendant on the counts under 15 U.S.C. § 1692e because these counts are

superfluous and moot.

Accordingly, the court recommends that judgment enter in favor of the debtor in the amount of $1,000 plus reasonable attorney's fees.

Done this 5th day of September, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David G. Poston, Attorney for Debtor
Stephen A. Yaklin, Attorney for Creditor