IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
IN RE:                          )
                                )
HASSON TURNER                   )
                                )
    Debtor.                     )
                                )
HASSON TURNER,                  )
                                )
    Plaintiff,                  )
                                )    CIVIL ACTION NO.
    v.                          )      2:08cv732-MHT
                                )           (WO)
UNIVERSAL DEBT SOLUTIONS,       )
INC.,                           )
                                )
    Defendant.                  )
```

OPINION

Plaintiff-debtor Hasson Turner initiated this adversary proceeding against defendant Universal Debt Solutions, Inc. ("UDS") in the United States Bankruptcy Court for the Middle District of Alabama, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The parties filed cross-motions for summary judgment and the bankruptcy

court issued a recommendation that each party's motion be granted in part and denied in part.

This lawsuit is now before the court on the recommendation of the bankruptcy court and the objections filed by UDS.[1]  For the reasons that follow, the court will overrule each of UDS's objections, except for its objection to the recommended award of attorney's fees and damages, and will adopt the recommendation of the bankruptcy judge, except on the issue of attorney's fees and damages.

## I.   STANDARD OF REVIEW

28 U.S.C. § 157(c)(1) authorizes "[a] bankruptcy judge [to] hear a proceeding that is ... related to a case under title 11."[2]  The statute further states that, "In such a proceeding, the bankruptcy judge shall submit

---

1. Turner has filed no objections to the recommendation of the bankruptcy court.

2. Title 11 of the United States Code is commonly referred to as the Bankruptcy Code.

2

Case 07-01139   Doc 47   Filed 08/13/10   Entered 08/13/10 15:35:10   Desc Main
                         Document       Page 2 of 17

proposed findings of fact and conclusions of law to the district court."  Id.  "[A]ny final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."  Id.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2); see also Fed. R. Bankr. P. 7056 (applying Fed. R. Civ. P. 56 to adversary proceedings).  In conducting its analysis, the court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II.  BACKGROUND

The relevant factual background of this lawsuit is described by the bankruptcy court in its proposed findings of fact, Rec. at 2-3 (doc. no. 1-9), which will be adopted by this court.  This lawsuit arises from "two collection notices, identical in material respects," that UDS mailed to Turner "on or about August 30, 2007, seeking to collect an alleged consumer debt."  Id. at 2.  "The body of each letter contained the following language:

> If we do not receive payment or you do not notify us in writing, that you dispute this debt within thirty (30) days from the date of this letter, we will proceed with recovery of the debt based on the laws allowed in your state."

Id.  "The two letters are the only communication sent by [UDS] to [Turner]."  Id.

Less than two months after he received the above-described letters from UDS, Turner filed a petition for relief under chapter 13 of the bankruptcy code in the

4

bankruptcy court for this district. He later filed the complaint that forms the basis of this lawsuit in that same court, alleging that UDS had "violated various provisions of the FDCPA" and that he had "been damaged as a result of [UDS's] actions." Compl. at ¶¶ 11-12.

The parties subsequently filed cross-motions for summary judgment, and the bankruptcy court reviewed their arguments and submitted the instant recommendation to this court. UDS raises four objections to the recommendation: (1) it argues that the bankruptcy court lacked jurisdiction over this lawsuit; (2) it objects to the proposed finding that it violated 15 U.S.C. § 1692g(a)(3) by requiring that Turner dispute his alleged debt "in writing"; (3) it objects to the proposed finding that it violated 15 U.S.C. § 1692g(a)(3) by requiring that Turner provide notice of dispute "within thirty (30) days from the date of this letter"; and (4) it objects to the recommendation that judgment enter in

5

favor of Turner in the amount of $ 1,000 plus reasonable attorney's fees.

### III.  DISCUSSION

#### A.  Jurisdiction

UDS contends that Turner's claims "should have been dismissed and/or transferred to the District Court ... [because] the Bankruptcy Court was without jurisdiction to enter a report or to make any recommendations pursuant to 28 U.S.C. § 157(c)(1)."  Def.'s Obj. at 2 (Doc. No. 3).

As noted above, a bankruptcy court is authorized to "hear a proceeding that is ... related to a case under title 11."  28 U.S.C. § 157(c)(1).  "The ... test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy."  Lawrence v. Goldberg, 573 F.3d 1265, 1270 (11th Cir. 2009) (citations omitted).  "The proceeding need not necessarily be against the

6

debtor or against the debtor's property." Id. (citations omitted). Indeed, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Id. at 1270-71 (citations omitted).

UDS "acknowledges [that] the phrase 'related to' has been interpreted broadly, [but] submits that any relationship between [this] matter and the Chapter 13 case is simply too tenuous to be considered 'related.'" Def.'s Obj. at 2. In support of this contention, UDS argues that:

> "[It] did not participate in any fashion in the Chapter 13 case. [It] was not identified as a creditor[,] ... did not attend the creditors' meetings, [and] has not made any efforts to lift the [automatic] stay or otherwise participate in the Chapter 13 case. [This] action was not brought by the Trustee, but rather directly by Plaintiff Hasson Turner. The only relation between this case and the

7

>           Chapter 13 case is [Turner].  No other
>           connection exists."

Id.

UDS's arguments have no merit.  The fact that it did not participate in Turner's chapter 13 case has no bearing on whether Turner's claims are "related to" that case.  The same goes for the fact that Turner, rather than the trustee, brought the claims against UDS.

What does matter is that the outcome of this case "could conceivably have an effect on the estate being administered in bankruptcy."  Lawrence, 573 F.3d at 1270 (citations omitted).  A chapter 13 debtor's  "estate is comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); 11 U.S.C. § 1306(a) ("Property of the estate includes ... the property specified in [11 U.S.C. § 541].").  It also includes all such property "that the debtor acquires after the commencement of the case but before the case is closed, dismissed or converted."  11 U.S.C. § 1306(a)(1).  And it is well-

8

Case 07-01139    Doc 47    Filed 08/13/10    Entered 08/13/10 15:35:10    Desc Main

established that such property "includes legal causes of action the debtor ha[s] against others."  <u>In re Icarus Holding, LLC</u>, 391 F.3d 1315, 1319 (11th Cir. 2004).

For these reasons, the bankruptcy court was correct to conclude that it had jurisdiction over Turner's claims and UDS's objection will be overruled.

B.  "In Writing"

The bankruptcy court recommends a finding that UDS violated 15 U.S.C. § 1692g(a)(3) by "requiring written notice that a debt is disputed."  Rec. at 5.[3]  UDS correctly notes that the "interpretation of § 1692g(a)(3) appears to be an issue of first impression in this District," and that the "Bankruptcy Court acknowledged ... [an existing circuit split] regarding whether a creditor may require written notice by a debtor who

---

3.  15 U.S.C. § 1692g(a)(3) directs debt collectors to "send [a debtor] a written notice containing ... a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

9

desires to dispute the debt." Def.'s Obj. at 3.[4] According to UDS, the bankruptcy court recommends joining the wrong side of this split, but it offers no new arguments to support its objection.

Having considered the bankruptcy court's thorough analysis and UDS's objection, and having conducted a de novo review of the record, the court will overrule UDS's objection and adopt the well-reasoned recommendation of the bankruptcy court. The court adds the following comments:

As explained by the bankruptcy court, "[this] issue has been examined ... by two circuit courts reaching

---

4. Since the bankruptcy court issued its recommendation, the United States Supreme Court has taken note of the circuit split on the question of "whether inclusion of an 'in writing' requirement in a notice to a consumer violates § 1692g." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, -- U.S. --, 130 S.Ct. 1605, 1610 n.3 (2010) (citing Graziano v. Harrison, 950 F.2d 107, 112 (3rd Cir. 1991) and Camacho v. Bridgeport Fin., Inc., 430 F.3d 1078, 1080-82 (9th Cir. 2005)). Unfortunately, the Court "express[ed] no view" on this matter, "as that question was not presented in the petition for certiorari." Id.

opposite conclusions." Rec. at 5. In <u>Graziano v. Harrison</u>, 950 F.2d 107 (3rd Cir. 1991), the court held that 15 U.S.C. § 1692g(a)(3) "contemplates that any dispute, to be effective must be in writing." The Ninth Circuit Court of Appeals respectfully disagreed, finding that "there is no writing requirement implicit in § 1692g(a)(3) ... [and thus a] collection notice violate[s] § 1692g insofar as it state[s] that disputes must be made in writing." <u>Camacho v. Bridgeport Fin., Inc.</u>, 430 F.3d 1078, 1082 (9th Cir. 2005). For reasons discussed in its recommendation, the bankruptcy court "finds the reasoning of <u>Camacho</u> persuasive." Rec. at 7. As stated above, this court agrees.

The bankruptcy court also indicated that "[o]ther district courts have [adopted the <u>Camacho</u> court's position]." <u>Id</u>. (citing multiple cases).[5] This court

---

5. The court adds the following cases to those cited by the bankruptcy court: <u>Register v. Reiner, Reiner & Bendett, PC</u>, 488 F. Supp. 2d 143, 147 (D. Conn. 2007) (Hall, J.) (citing <u>Camacho</u> and finding that a "letter
(continued...)

11

adds that, since the bankruptcy court issued its recommendation, district courts have continued to side with the Camacho court. See, e.g., Campbell v. Hall, 624 F. Supp. 2d 991, 1000 (N.D. Ind. 2009) (Van Bokkelen, J.) ("This Court agrees with the reasoning of the Ninth Circuit in Camacho and the weight of the authority from district courts which have held that § 1692g(a)(3) of the FDCPA should be interpreted to allow consumers to dispute the validity of their debt in ways other than writing." (citing multiple cases)).  There is no similar recent trend of support for the Graziano court's position.

### C. "Date of this Letter"

The bankruptcy court recommends a finding that UDS

---

(...continued)
violated section 1692g(a)(3) by requiring [the plaintiff] to submit any dispute to his debt in writing"); Jerman v. Carlisle, 464 F. Supp. 2d 720, 725 (N.D. Ohio 2006) (Gaughan, J.) (reversed on other grounds) ("This Court agrees with the majority of the district courts which have rejected Graziano, and it agrees with and adopts the reasoning of the Ninth Circuit in Camacho. ... [D]efendant's form validation notice violates the FDCPA in so far as it states that disputes must be made in writing.").

12

violated 15 U.S.C. § 1692g(a)(3) by "requiring [Turner] to dispute the debts ... within thirty days from the date of the letter" rather than thirty days from his receipt of the letter. Rec. at 9. It declined UDS's request to "regard [this] violation as merely technical or de minimis." Id. UDS objects, making the same request of this court, and with no new argument.

Having considered the bankruptcy court's recommendation and UDS's objection, and having conducted a de novo review of the record, the court will overrule UDS's objection and adopt the recommendation of the bankruptcy court.

### D. Attorney's Fees and Damages

Having recommended that this court find that UDS violated the FDCPA, the bankruptcy court further recommends, "that judgment enter in favor of [Turner] in the amount of $ 1,000 plus reasonable attorney's fees." Rec. at 10. UDS objects to the award of maximum statutory damages and attorney's fees and "seeks a de

13

novo review of the Bankruptcy Court's recommended entry of judgment."  Def.'s Obj. at 5.

15 U.S.C. § 1692k(a) provides that, "any debt collector who fails to comply with any provision of [15 U.S.C. §§ 1692 et seq.] with respect to any person is liable to such person."  "Successful plaintiffs are entitled to 'actual damage[s],' plus costs and 'a reasonable attorney's fee as determined by the court.'" Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, -- U.S. --, 130 S. Ct. 1605, 1609 (2010) (quoting 15 U.S.C. § 1692k(a)).  "A court may also award 'additional damages,' subject to a statutory cap of $ 1,000 for individual actions."  Id. (quoting § 1692k(a)(2)(A)).  In "determining the amount of [additional damages] ... the court shall consider ... the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).

14

The court's review of the bankruptcy court's recommendation uncovered no findings of fact on the statutory factors listed above, nor does the bankruptcy court otherwise explain its recommended award.  Thus, the court will sustain UDS's objection to the recommended award of maximum statutory damages, and will remand this lawsuit to the bankruptcy court to re-evaluate its recommendation and to submit proposed findings on the factors stated in 15 U.S.C. § 1692k(b)(1).

"[C]ourts have taken different views about when, and whether, § 1692k requires an award of attorneys fees." Jerman, 130 S. Ct. at 1621 n.16.  The statute authorizes attorney's fees only "in the case of ... [a] successful action to enforce ... liability," 15 U.S.C. § 1692k(a)(3), and some courts have held that  an action is successful only if a plaintiff is awarded actual or additional damages.  In an unpublished (and therefore non-binding) opinion, a panel of the Eleventh Circuit Court of Appeals adopted that position, stating that,

15

"The difference between zero dollars [in damages] and one dollar [in damages] is the difference between an unsuccessful action and a successful action." Thornton v. Wolpoff & Abramson, L.L.P., 312 Fed. Appx. 161, 164 (11th Cir. 2008) (unpublished). That court had previously interpreted a similar provision in another statute and held that "to be 'successful' the plaintiff must receive some relief beyond mere entry of judgment." Nagle v. Experian Info. Solutions, Inc., 297 F.3d 1305, 1306 (11th Cir. 2002). But it so doing, that court explicitly "recognize[d] that the [FDCPA] contains [similar] language[,] ... and that there is a split amongst the Circuits as to whether or not to require actual damages before an award of attorney's fees is appropriate," and declined to address the split. Id. at 1308 n.7 (citing cases). The Supreme Court has also declined to "resolve these issues." Jerman, 130 S.Ct. at 1621 n.16.

16

This court also need not (and thus will not) address this issue unless it determines that no damages are appropriate. That determination will be made, if it is made at all, only after the court considers the new findings and recommendation of the bankruptcy court.

***

For the foregoing reasons, the court will overrule each of UDS's objections, except for its objection to the recommended award of attorney's fees and damages, and will adopt the recommendation of the bankruptcy judge, except on the issue of attorney's fees and damages. An appropriate judgment will be entered.

DONE, this the 13th day of August, 2010.

                                     /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**